UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENITA DE JOSE,<br><br>          Plaintiff,<br><br>   v.<br><br>EMC MORTGAGE CORP.,<br><br>          Defendant.<br>                                          / | Case No. C-11-00139 JCS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT [Docket No. 5]** |

## I. INTRODUCTION

Plaintiff Elenita De Jose filed this action against EMC Mortgage Corp. ("EMC"), a wholly-owned subsidiary of JPMorgan Chase & Co., asserting claims related to a mortgage she originally obtained from Family Lending Services that was taken over by EMC. EMC removed the case to federal court on January 11, 2011 on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331. Presently before the Court is Defendant's Motion to Dismiss the Complaint ("the Motion"), in which Defendant seeks dismissal of all of Plaintiff's claims on the basis that they fail to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The Court finds that the Motion is suitable for determination without hearing, pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing set for **Friday, April 22, 2011 at 9:30 a.m. is vacated. The Case Management Conference set for the same date shall remain on calendar but will be conducted at 1:30 p.m. rather than 9:30 a.m.** For the reasons stated below, the Motion is GRANTED.

## II. BACKGROUND

### A. The Complaint[1]

In September 2005, Plaintiff acquired the property located at 2730 Seadrift Lane, Hayward California ("Subject Property"). Complaint, ¶¶ 2, 35. She obtained financing to purchase the Subject Property from Family Lending Services, Inc. ("FLS") in the amount of approximately $632,165.06. *Id.*, ¶ 35. The loan was a 30-year adjustable rate mortgage with a fixed interest rate of 5.2444% for a period of five years. *Id.* After five years, the rate would begin to adjust. *Id.*, ¶ 36. According to Plaintiff, under the loan, "the amount not paid towards principal of the loan will be applied to the overall principal due on the note and will be due at the end of the amortized period as a balloon payment." *Id.*, ¶ 36. The approximate monthly mortgage payment was $3,000.00 – an amount that Plaintiff alleges she could not afford based on her salary at the time she obtained the loan. *Id.*, ¶¶ 39, 41.

Subsequently, Defendant EMC took over the loan from FLS. *Id.* ¶ 37. In November 2009, Plaintiff obtained a loan modification from EMC, which took her interest rate down to 4.5% and reduced her monthly payments by $300.00, to $2,700.00. *Id.*, ¶ 43. The loan modification period will end in October 2011, at which point the loan will revert to the original loan terms and Plaintiff's monthly payments will likely increase. *Id.*, ¶ 44. Plaintiff alleges that she currently is unable to make the monthly payment of $2,700.00 and that she will be unable to keep up with the variable rate change when the modification period ends. *Id.*, ¶ 45. She further alleges that from the time she took the loan, in 2005, she has been making interest payments only on the loan because that is all she can afford to pay. *Id.*, ¶ 51.

Plaintiff alleges that Defendant fraudulently induced Plaintiff to take a loan that it knew Plaintiff could not afford and that it failed to negotiate a loan modification in good faith. *Id.*, ¶¶ 46-50. The complaint also includes lengthy boilerplate allegations, many of which do not appear to

---

[1]The Court assumes the allegations in the complaint to be true for the purposes of this motion. *See Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996)(on motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court assumes the facts alleged in the complaint are true).

2

relate to the specific allegation relating to Plaintiff's claims. The Court does not repeat those allegations here.

Plaintiff asserts nine causes of action against EMC:

1. <u>Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq*</u>.: Plaintiff alleges that Defendant violated TILA by "giv[ing] assurances that they qualified for the loan but the risks of the loan were not clearly communicated to the Plaintiff by the Defendant." Id., ¶¶ 55-58.

2. <u>Cal. Bus. & Prof. Code §§ 17200 *et seq*</u>.: Plaintiff alleges that Defendant made misleading and fraudulent statements that induced Plaintiff to enter into the loan. *Id*., ¶¶ 59-62.

3. <u>Fraud</u>: Plaintiff alleges that Defendant engaged in common law fraud by inducing her to accept the loan, for example, by telling Plaintiff she was qualified to make the required payments based on her current income and that she could easily refinance if the loans became a problem. *Id*., ¶¶ 63-77.

4. <u>Breach of Implied Covenant of Good Faith and Fair Dealing</u>: Plaintiff alleges that Defendant breached the implied covenant of good faith and fair dealing of the "loan contracts" by, *inter alia*, refusing to refinance and "charging unconscionable monthly payments that Defendant knew were well beyond Plaintiff['s] actual ability to pay." *Id*., ¶¶ 78-81.

5. <u>Conversion</u>: Plaintiff alleges that Defendant converted her funds for its own use and benefit by "inflating the value of the property to fraudulently justify a larger mortgage" and requiring Plaintiff to pay "exorbitantly high monthly payments." *Id*., ¶¶ 82-87.

6. <u>Breach of Fiduciary Duty</u>: Plaintiff alleges that Defendant breached the fiduciary duty owed by mortgage brokers to clients by, *inter alia*, "fraudulently enticing Plaintiff to accept the . . . Loan [,]. . . lower[ing] underwriting standards in order to maximize profits without any consideration of Plaintiff['s] ability to pay . . .[and] inflat[ing] the property value of . . .Subject Property . . .and therefore increas[ing] the

amount of the loan and the amount that Plaintiff would be obligated to pay." *Id.*, ¶¶ 89-93.

7. <u>Breach of Loan Contracts</u>: Plaintiff alleges that Defendant fraudulently induced her to enter into an unduly risky loan by telling her she could afford to make the payments at her current salary level and could refinance later if the payments were too high. Plaintiff further alleges that Defendant failed to perform on these fraudulent promises and also breached the express terms of the contract by "failing to accurately credit homeowners' payments to their accounts, [and] assessing and demanding substantial, unwarranted costs and fees under the threat of foreclosure. . . ." In addition, Plaintiff alleges that Defendant violated the contract by "applying extra payments to interest that was not legitimately owed by plaintiff." *Id.*, ¶¶ 94-103.

8. <u>Negligence</u>: Plaintiff alleges that Defendant breached its duty of care to act as a reasonable lender by fraudulently inducing Plaintiff to enter into a loan she could not afford and by "negotiating a loan modification in bad faith." *Id.*, ¶¶ 104-113.

9. <u>Predatory Lending under Cal. Fin. Code §§ 4970-4979.8</u>: Plaintiff alleges that Defendant engaged in predatory lending, in violation of California law, by "directing plaintiff to accept a loan product that has a specified risk grade less favorable than another risk grade for which they could have qualified." Plaintiff alleges, in particular, that "Defendant lured Plaintiff to accept a sub-prime loan product when Plaintiff could have qualified to a prime product since Plaintiff had good credit and a steady income." *Id.*, ¶¶ 114-121.

In the Prayer section of the Complaint, Plaintiff requests a variety of remedies, including "rescission of the Promissory Note signed by Plaintiff in connection with the acquisition of the principal residence at issue in this litigation and a consequent return of their down payment, mortgage payments made in excess of $176,400.00 and to the extent Plaintiff retain to title to the property, a write down of the balance of the first and second mortgage to the current fair market value of the property, an amount approximating less than $587,500.00." Payer, ¶ 8 (as stated in original). In addition, Plaintiff seeks damages of no less than $176, 400.00, prejudgment interest

4

thereon, an award of punitive damages, injunctive relief prohibiting eviction or foreclosure and attorneys' fees and costs. Id., ¶¶ 6-12.

### B. The Motion

In the Motion, Defendant asserts that all of Plaintiff's claims are defective and should be dismissed for failure to state a claim under Rule 12(b)(6). Motion at 1-2.[2] In addition, Defendant requests that the Court take judicial notice of four documents that are on public record: 1) the deed granting Plaintiff title to the Subject Property, recorded with the Alameda County Superior Court on September 22, 2005; 2) a deed of trust for the Subject Property recorded on the same date, for a mortgage loan from FLS in the amount of $650,000.00; 3) a deed of trust for the Subject Property recorded on the same date, for a home equity line of credit in the amount of $95,850.00; and 4) an Assignment of Deed of Trust, purportedly for a transfer of the Subject Property to EMC in 2007. Request for Judicial Notice ("RJN"), Exs. 1-4.[3] Plaintiff has not objected to Defendant's request. The Court GRANTS Defendant's request, pursuant to Fed. R. Evid. 201 as to Exhibits 1-3. The Court DENIES Defendant's request as to Exhibit 4, which has no bearing on the issues in this case. Hereinafter, the Court refers to the mortgage loan and home equity line of credit as the "Subject Loans" or the "Loan Contracts."

Defendant argues that Plaintiff's claims fail to state a claim for the reasons stated below.

Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq*.: Defendant asserts that Plaintiff's TILA claim fails because: 1) the Subject Loan is a purchase money loan and therefore, not governed by TILA; 2) EMC is simply the loan servicer and therefore cannot be liable under TILA; and 3) the

---

[2] In the Summary of Argument section of the Motion, Defendant appears to have inadvertently included content from a similar motion brought in another case, referring to a property that is not at issue in this case, a "First Amended Complaint" (none has been filed in this action) and claims that were not asserted by Plaintiff in her complaint, including claims based on alleged wrongful foreclosure. ( The Complaint does not allege that there has been a foreclosure – wrongful or otherwise – as to the Subject Property.) Ironically, in this section Defendant also accuses Plaintiff of relying on "boilerplate allegations."

[3] In fact, the document attached as Exhibit 4 to the RJN appears to be an assignment involving different borrowers. Although Plaintiff pointed out in her Opposition brief that Exhibit 4 appears to have no bearing on this case, Defendant failed to offer any explanation in its Reply brief as to the significance of the document; nor has Defendant provided any document reflecting an assignment of the loans that are at issue in this case.

claim is time barred because it is based on a loan that was originated in 2005 whereas TILA carries a one-year statute of limitations as to claims for civil damages and a three-year statute of limitation as to claims for rescission.

<u>Cal. Bus. & Prof. Code §§ 17200 *et seq.*</u>("UCL"):  Defendant argues that Plaintiff's UCL claim fails because: 1) Plaintiff lacks standing to assert a claim under the UCL against EMC because all of the monetary losses alleged by Plaintiff resulted from the origination of the Subject Loans, and EMC is not the lender of the Subject Loans; and 2) Plaintiff has not alleged any unfair, unlawful or fraudulent business practices on the part of EMC as the alleged misconduct arises out of the origination of the Subject Loans.

<u>Fraud</u>: Defendant argues that this claim fails because: 1) it is based on conduct that occurred in 2005, when the Subject Loans were originated and therefore, is barred by the 3-year statute of limitations that applies to fraud claims; 2) it is based on alleged misrepresentations made in connection with the origination of the Subject Loans, which EMC was not a part of; and 3) Plaintiff fails to meet the heightened pleading standard that applies to fraud claims under Rule 9(b) of the Federal Rules of Civil Procedure.

<u>Breach of Implied Covenant of Good Faith and Fair Dealing</u>: Defendant argues that Plaintiff's claim for breach of the covenant of good faith and fair dealing fails because: 1) the Loan Contracts were consummated in 2005 and therefore, the claim is barred under the four-year statute of limitations that applies to claims arising out of contract; 2) EMC is not a party to the Loan Contracts and is not the assignee beneficiary of the Loan Contracts and therefore, cannot be liable for breach of the covenant of good faith and fair dealing arising from these contracts.

<u>Conversion</u>: EMC asserts that Plaintiff's conversion claim fails because: 1) the allegations do not identify with any degree of particularity the personal property that was allegedly converted; and 2) the alleged misconduct supporting the claim was not committed by EMC, which was not involved in the origination of the Loan Contracts.

<u>Breach of Fiduciary Duty</u>: Defendant asserts that this claim fails because a lender does not owe a fiduciary duty to a borrower absent special circumstances and Plaintiff has not alleged any facts suggesting that such circumstances exist here.

Breach of Loan Contracts: Defendant argues that Plaintiff's claim for breach of contract fails because: 1) the Loan Contracts were consummated in 2005 and therefore, the claim is barred under the four-year statute of limitations that applies to claims arising out of contract; and 2) there can be no breach of contract by EMC because there is no contract between EMC and Plaintiff.

Negligence: Defendant argues that Plaintiff's negligence claim fails because: 1) the allegedly negligent conduct occurred in 2005 and therefore, the claim is barred under the two-year statute of limitations that applies to negligence claims; and  2) EMC does not owe a legal duty to Plaintiff.

Predatory Lending under Cal. Fin. Code §§ 4970-4979.8: Defendant argues that this claim fails because claims for predatory lending, under California law, may be asserted against lenders only, and not loan servicers such as EMC.

**C.     The Opposition**

In its Opposition, Plaintiff argues that her claims are timely and adequately plead for the reasons stated below.

Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq*.: Plaintiff asserts that this claim is timely based on the Loan Modification Agreement of December 2009, between Plaintiff and EMC. According to Plaintiff, EMC "misled and attempted to confuse [Plaintiff] during the period of Loan Modification."  Opposition at 4.

Cal. Bus. & Prof. Code §§ 17200 *et seq.*("UCL"): Plaintiff asserts that EMC engaged in unfair business practices by misleading her in connection with the loan modification, in 2009.  In particular, according to Plaintiff, EMC "failed to inform Plaintiff that other safer loan products for which Plaintiffs [sic] could have qualified were available on the market."  Further, Plaintiff asserts, EMC encouraged Plaintiff to enter into a loan modification agreement under which the unpaid balance was $650,000.00, even though the value of the house at that time was only $579,000.00.  *Id*. at 5.

Fraud: Plaintiff asserts that her allegations are sufficient to state a claim for fraud because she alleged that EMC misled her in connection with the loan modification, citing the allegations contained in paragraphs 17-25 of her complaint.  She further asserts that the claim is not time-barred because it is based on the 2009 Loan Modification Agreement. *Id*. at 6.

1    <u>Breach of Contract and of the Implied Covenant of Good Faith and Fair Dealing</u>: Plaintiff
2 argues that she has adequately alleged these claims, pointing to the 2009 Loan Modification
3 Agreement as the basis of the claim and asserting that she has adequately alleged that EMC
4 interfered with her right to receive the benefit of that contract. *Id*. at 6-7.

5    <u>Conversion</u>: Plaintiff states that more discovery is needed as to Defendant's assertion that it
6 has no recorded or beneficiary interest in the Subject Property. Plaintiff points out that the
7 document that purportedly establishes this fact, cited as Exhibit 4 to Defendant's RJN, apparently is
8 not related to this action. *Id*. at 7-8.

9    <u>Breach of Fiduciary Duty and Negligence</u>: Plaintiff argues that these claims are adequately
10 alleged because EMC, as the loan servicer, owes a duty to provide "fair services in good faith." *Id*.
11 at 8.

12    <u>Predatory Lending under Cal. Fin. Code §§ 4970-4979.8</u>: Plaintiff asserts that she has
13 "described in sufficient detail Defendants' [sic] predatory lending practices," citing paragraphs 114
14 to 121 of her complaint *Id*. at 9.

15 **III.   ANALYSIS**

16    **A.    Legal Standard Under Rule 12(b)(6)**

17    A complaint may be dismissed for failure to state a claim for which relief can be granted
18 under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). "The purpose
19 of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star*
20 *Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the
21 pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a]
22 pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the
23 claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

24    In ruling on a motion to dismiss under Rule 12, the court analyzes the complaint and takes
25 "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-
26 moving party." *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may
27 be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid
28 theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must

"contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). The factual allegations must be definite enough to "raise a right to relief above the speculative level." *Id*. at 555. However, a complaint does not need detailed factual allegations to survive dismissal. *Id*. Rather, a complaint need only include enough facts to state a claim that is "plausible on its face." *Id*. at 570. That is, the pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. *Id*. at 1557 (noting that this requirement is consistent with Fed. R. Civ. P. 8(a)(2), which requires that the pleadings demonstrate that "the pleader is entitled to relief").

### B. TILA

#### 1. Legal Standard

The Truth in Lending Act ("TILA") is a consumer protection statute that aims to "avoid the uninformed use of credit." 15 U.S.C. §1601(a). TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980) (quoting 15 U.S.C. § 1601). The statute "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). The statute is remedial in nature, and is therefore to be construed broadly in favor of the consumer. *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989). Even "technical or minor violations" of TILA (or its regulations) may give rise to liability on the part of the creditor. *Valdez v. America's Wholesale Lender*, 2009 WL 5114305 at *2 (N.D.Cal. Dec. 18, 2009) (citations omitted).

TILA expressly excludes residential mortgage transactions from its rescission provisions. 15 U.S.C. § 1635(e)(1) (excluding "residential mortgage transaction" from rescission provision); *see also* 15 U.S.C. § 1602(w) (defining "residential mortgage transaction" as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest . . . created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling); *Kakogu v. American Brokers*

*Conduit*, 2010 WL 1265201, at *3-4 (N.D. Cal. March 30, 2010) (holding that purchase money mortgage loan was exempt from TILA rescission provision). Nonetheless, TILA's disclosure requirements apply to residential mortgage transactions and violations of these disclosure requirements can give rise to a claim for damages. *See In re Scweitzer*, 354 B.R. 272 280-281 (D. Id. 2006) (holding that while plaintiff could not assert rescission claim under TILA because loan was for residential mortgage, the debtor nevertheless had "other important rights under the law," citing 15 U.S.C. §§ 1601(a) and 1638(b)).

TILA disclosure requirements do not apply to forbearance or loan modification agreements that simply reduce the interest rate and payment schedule of a loan. *See Norton-Griffiths v. Wells Fargo Home Mortgage*, 2011 WL 61609, at * 5-7 (D. Vt. Jan. 4, 2011). The court in *Norton-Griffiths* explained as follows:

> . . .the Forbearance Agreement merely temporarily modified the amount of Plaintiffs' monthly mortgage payment during a four month trial period. This temporary modification did not require TILA disclosures. *See Hart v. GMAC Mortg. Corp. (In re Hart),* 246 B.R. 709, 738 (Bankr.D.Mass.2000) ("[T]he 1997 forbearance agreement and the repayment agreement with respect to the principal reduction do not constitute refinancings that would require new [TILA] disclosures. This is because the existing obligation was not satisfied or replaced by either agreement."). . . .
>
> Plaintiffs' TILA claim with regard to the Loan Modification Agreement is even more tenuous as they concede that they never signed it . . . .[E]ven had Plaintiffs signed the Loan Modification Agreement, it would have been exempt from TILA disclosure requirements as it did not constitute either an extension of new credit or a "refinancing." *See* 12 C.F.R. § 226.20(a)(2) (excluding from the disclosure requirements for "refinancings" "[a] reduction in the annual percentage rate with a corresponding change in the payment schedule"); *see also Diamond v. One West Bank*, 2010 WL 1742536, at *5 (D.Ariz. Apr. 29, 2010) ("A loan modification does not require additional TILA disclosures, particularity where no new monies are advanced."); *Sheppard v. GMAC Mortg. Corp. (In re Sheppard*), 299 B.R. 753, 760-63 (Bankr.E.D.Pa.2003) (holding that loan modification was not a refinancing under 12 C.F.R. § 226.20(a) and therefore defendant did not have to provide TILA disclosures, even when additional sum was added to plaintiffs' original loan amount, as new obligation did not completely replace the prior one); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, 670 F.Supp.2d 516, 528 (E.D.La.2009) (holding that where a loan modification agreement does not "completely replace" an earlier mortgage, but rather "amends and supplements" it, the document does "not give rise to disclosure requirements or rescission rights under TILA.").

*Id*.

The statute of limitations for a damages claim under TILA is one year, and generally runs from the date the loan documents are executed. 15 U.S.C. § 1640(e); *See Meyer v. Ameriquest Mortg. Co.,* 342 F.3d 899, 902 (9th Cir. 2003). "The one-year bar may be tolled. However, to show

that tolling is appropriate, a plaintiff would need to establish that she could not have discovered her claims before she brought them despite using reasonable diligence." *Ancheta v. Golden Empire Mortg., Inc.,* 2008 WL 826177 *3 (N.D.Cal. Mar.7, 2011).

### 2. Application of Law to Facts

In the Complaint, Plaintiff alleges that TILA was violated because its disclosure requirements were not met by the lender when the Subject Loans were initiated, in 2005. As a preliminary matter, no claim for rescission can be stated as to the Subject Loans because they were obtained to finance the acquisition of Plaintiff's house. *See* 15 U.S.C. § 1635(e)(1). Further, to the extent the Complaint was filed in 2010, any claim for damages under TILA that is based on the 2005 Loan Contracts is time-barred (even assuming EMC can be held liable for the conduct of the original lender, FLS). While the statute of limitations may be tolled, Plaintiff has alleged no facts indicating that it was tolled here. Indeed, Plaintiff does not appear to dispute Defendant's assertion that her TILA claim is untimely to the extent it is based on the 2005 Loan Contracts. Rather, she argues in her Opposition brief that the claim is timely because it is based on the 2009 Loan Modification Agreement. Because that agreement only temporarily lowered Plaintiff's interest rate and payments on the Subject Loans, however, it is not subject to TILA's disclosure requirements. *See Norton-Griffiths v. Wells Fargo Home Mortgage*, 2011 WL 61609, at * 5-7 (D. Vt. Jan. 4, 2011). Therefore, the Court finds that Plaintiff fails to state a claim pursuant to Rule 12(b)(6) under TILA.

### C. Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing

#### 1. Legal Standard

The elements of a cause of action for breach of contract are: 1) the existence of the contract; 2) performance by the plaintiff or excuse for nonperformance; 3) breach by the defendant; and 4) damages. *First Commercial Mortgage Co. v. Reece*, 89 Cal.App.4th 731, 745 (2001). A breach of contract may be established on the basis of either an express provision of the contract or on the implied covenant of good faith and fair dealing. *See Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*, 100 Cal.App.4th 44, 55 (2002)(recognizing that "every contract imposes upon each party a duty of good faith and fair dealing in the performance of the contract such that neither party shall do

anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract"). An implied covenant of good faith and fair dealing cannot contradict the express terms of a contract, however. *Id*. (citing *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.* 2 Cal.4th 342, 374 (1992)). "Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity." *Levy v. State Farm Mut. Auto. Ins. Co.*, 150 Cal. App.4th 1, 5 (2007). An action on "any contract, obligation or liability founded upon an instrument in writing" must be commenced within four years of accrual of the action. Cal. Civ. Proc. Code § 337(1).

### 2. Application of Law to Facts

Plaintiff alleged in her Complaint that the 2005 Loan Contracts were breached in various respects. In her Opposition brief, however, she implicitly acknowledges that any claims arising out of those contracts are time-barred. Instead, she argues that the contract that is the subject of her claims for breach of contract and breach of the implied covenant of good faith and fair dealing is the 2009 Loan Modification Agreement. Although such a claim might be timely, however, Plaintiff has not identified any specific provision of that agreement that was breached by EMC. Nor has she offered any explanation in her brief – much less allegations in her Complaint – as to how Defendant breached its covenant of good faith and fair dealing as to the Loan Modification Agreement. Therefore, the Court finds that Plaintiff fails to state a claim pursuant to Rule 12(b)(6) for breach of contract or breach of the implied covenant of good faith and fair dealing.

### D. Conversion

### 1. Legal Standard

"Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Burlesci v. Petersen*, 68 Cal.App.4th 1062, 1065 (1998); *see also ConPentalpha Macau Commercial Offshore Ltd. v. Reddy*, 2004 WL 2674527, at *1 (N.D.Cal., 2004) (rejecting defendant's assertion that conversion claim should be dismissed under Rule 12(b)(6) on the basis that property was not described with sufficient particularity where plaintiff identified the "general nature" of the property

in the complaint, and noting that Rule 9(b)'s particularity requirement does not apply to claims for conversion).

### 2. Application of Law to Facts

Here, Plaintiff has not identified any property that EMC has wrongfully converted. Although there are vague allegations in the complaint that payments were wrongfully applied towards interest rather than principal, conduct which might be attributable to EMC as the loan servicer, there are no specific factual allegations to support even a plausible inference of wrongful conversion, especially as Plaintiff alleges in her complaint that she has only paid interest on the Subject Loans. Therefore, the Court finds that Plaintiff fails to state a claim for conversion under Rule 12(b)(6).

### E. Fraud

#### 1. Legal Standard

"The elements which must be pleaded to plead a fraud claim are (a) misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Philipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347, 363 (2007) (quotations omitted). Rule 9(b) of the Federal Rules of Civil Procedure requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), the plaintiff must include "the who, what, when, where, and how" of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. Glenfed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994). A claim for fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). The statute of limitations for fraud under California law is three years. Cal. Civ. Proc. Code § 335, 338(d).

#### 2. Application of Law to Facts

Plaintiff's complaint asserts a fraud claim against EMC based on representations to Plaintiff "at time Plaintiff got the loan." Complaint, ¶ 64 (as stated in original). As Plaintiff obtained the

1  Subject Loans in 2005 and Plaintiff has alleged no facts indicating that the statute of limitations was
2  tolled, this claim is untimely.  To the extent that Plaintiff argues in her Opposition brief that the
3  claim is timely because it is based on representations made by EMC in connection with the 2009
4  Loan Modification Agreement, the claim fails because it is not alleged with particularity, as required
5  under Rule 9(b).  Further, to the extent that Plaintiff cites in her brief to paragraphs 17-25 of the
6  Complaint to show that she has alleged fraud with particularity, the Court rejects that assertion.
7  These paragraphs are made up entirely of boilerplate, identify no specific representations and
8  address only conduct that related to issuance of the original loans, not the Loan Modification
9  Agreement.  Therefore, the Court concludes that Plaintiff fails to state a claim for fraud under Rule
10 12(b)(6).

### F. Breach of Fiduciary Duty and Negligence

#### 1. Legal Standard

To state a claim for negligence, a plaintiff must allege: (1) the defendant's legal duty of care to the plaintiff; (2) breach of that duty; (3) causation; and (4) resulting injury to the plaintiff. *Merrill v. Navegar, Inc.*, 26 Cal.4th 465, 500 (2001).  "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Vazquez v. Residential Invs, Inc.*, 118 Cal.App.4th 269, 278 (2004).  As a general rule, under California law, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1095-96 (1991) (citations omitted). Similarly, California courts have held that "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature." *Id*. at 1093 n. 1(citing *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476-478 (1989)).

In California, the test for determining whether a financial institution exceeded its role as money lender and thus owes a duty of care to a borrower-client involves "the balancing of various factors, among which are (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to him, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the

moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm." *Id*. at 1098.

### 2. Application of Law to Facts

The facts alleged in Plaintiff's complaint indicate that Defendant is a loan servicer rather than a lender. Even if EMC stands in the shoes of the original lender (a question the Court need not reach here), there are no allegations in the Complaint that support the existence of a duty or a fiduciary relationship to Plaintiff in this case. Nor has Plaintiff cited any authority in support of her assertion that EMC owes such a duty. Accordingly, Plaintiff fails to state a claim for negligence or breach of fiduciary duty under Rule 12(b)(6).

## G. UCL

### 1. Legal Standard

California Business & Professions Code Sections 17200 *et seq.* prohibits "unfair competition," which is defined as any "unlawful, unfair or fraudulent business act or practice." To establish a violation of Section 17200, a plaintiff may establish a violation under any one of these prongs. An unlawful business practice is one that is "prohibited by law, where possible sources of law are defined broadly." *Multimedia Patent Trust v. Microsoft Corp.*, 2007 WL 2696675 (S.D. Cal. September 10, 2007) (citation omitted). A business practice is unfair, where the plaintiff is a consumer rather than a competitor, where the injury caused by the allegedly unfair business practice: a) is substantial; b) is not outweighed by any countervailing benefits to consumers or to competitors; and c) could not reasonably have been avoided. *Camacho v. Auto. Club of S. Cal.*, 142 Cal. App. 4th 1394, 1403 (2006). Finally, "a 'fraudulent' practice is defined more broadly than common law fraud and only requires a showing that "members of the public are likely to be deceived." *Multimedia Patent Trust v. Microsoft Corp.*, 2007 WL 2696675 at * 11 (citations omitted).

A claim for unfair competition under California's UCL law may be brought "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Because the remedies available under the UCL are limited to restitution and injunctive relief, however, California courts have held that only money or property that is subject to restitution satisfies the UCL's standing requirement. *Citizens of Humanity, LLC v.*

*Costco Wholesale Corp.*, 171 Cal.App.4th 1, 22 (2009).

### 2. Application of Law to Facts

Plaintiff's Complaint asserts a claim under California's UCL based on alleged misrepresentations made in connection with the original Loan Contracts. Plaintiff has cited no authority for the proposition that EMC can be held liable under the UCL for representations made by or on behalf of the loan originator, FLS. Therefore, the claim fails as to the conduct alleged in the Complaint. The claim also fails to the extent it may be based on representations made in connection with the Loan Modification Agreement because Plaintiff has not shown that she suffered any injury in fact as a result of the loan modification, which lowered her interest rate and monthly payments. Accordingly, the Court finds that Plaintiff fails to state a claim under California's UCL pursuant to Rule 12(b)(6).

## H. Predatory Lending under Cal. Fin. Code §§ 4970-4979.8

### 1. Legal Standard

Under California law, Financial Code §§ 4970, *et seq.*, prohibits predatory lending practices pertaining to "covered loans." Section 4970 provides:

> (b) "Covered loan" means a consumer loan in which the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association in the case of a mortgage or deed of trust, and where one of the following conditions are met:
>
> (1) For a mortgage or deed of trust, the annual percentage rate at consummation of the transaction will exceed by more than eight percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor.
>
> (2) The total points and fees payable by the consumer at or before closing for a mortgage or deed of trust will exceed 6 percent of the total loan amount.

### 2. Application of Law to Facts

In the Complaint, Plaintiff's Predatory Lending Claim is based entirely on conduct associated with the original loan, issued by FLS. As Plaintiff has not cited authority establishing that EMC can be held liable for that conduct under California's Predatory Lending Law, Plaintiff fails to state a claim under Rule 12(b)(6). The Court notes that Plaintiff's Opposition brief does not

attempt to address in any meaningful way the arguments raised in the Motion but rather, simply states that

"Plaintiff has described in sufficient detail Defendants' predatory lending practices." Opposition at 9.

## IV. CONCLUSION

For the reasons stated above, all of Plaintiff's claims are dismissed with leave to amend within thirty (30) days of the date of this Order.

IT IS SO ORDERED.

Dated: April 18, 2011

_____
JOSEPH C. SPERO
United States Magistrate Judge

17